**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2045-19

DZEMAL SEFEDINI,

     Appellant,

v.

BOARD OF REVIEW,
DEPARTMENT OF LABOR
and JO JOS ITALIAN
GRILLE, LLC,

     Respondents.

_____

Submitted November 15, 2021 – Decided December 2, 2021

Before Judges Sabatino and Rothstadt.

On appeal from the Board of Review, Department of Labor, Docket No. 191736.

Dzemal Sefedini, appellant pro se.

Andrew J. Bruck, Acting Attorney General, attorney for respondent (Jane C. Schuster, Assistant Attorney General, of counsel; Christopher J. Hamner, Deputy Attorney General, on the brief).

PER CURIAM

Self-represented, appellant Dzemal Sefedini seeks reversal of the Board of Review's December 12, 2019 final agency decision, which denied his claim for unemployment benefits on procedural grounds. Appellant did not register for and did not attend the telephonic hearing scheduled for his claim. The Board concluded that appellant failed to present good cause to have his hearing rescheduled. We reverse, and remand for the agency to conduct the hearing and consider the merits of appellant's claim.

The limited record on appeal reflects that appellant worked for approximately seventeen years at a restaurant in New Jersey. In June 2019 a new owner took over management of the restaurant. According to appellant, the new owner drastically reduced his hours, making it unaffordable for him to continue to work there. When appellant complained about this, the new owner allegedly told appellant his services were no longer "really need[ed]." According to appellant, about three weeks later, the owner terminated him.

Appellant filed an application for unemployment benefits with the Department of Labor and Workforce Development. He also consulted a law firm about possibly pursuing a claim of discrimination against his former employer. As documented by a letter in the record, the law firm declined to represent appellant but advised him of his options concerning the pursuit of a discrimination claim.

A-2045-19

On August 22, 2019, a Deputy with the Department mailed an initial decision to appellant denying his unemployment benefits claim. The letter stated appellant was ineligible for benefits under N.J.S.A. 43:21-5(a), because he apparently had "left work voluntarily without good cause attributable to such work." On September 3, 2019, appellant administratively appealed the disqualification ruling.[1]

According to appellant, an interviewer from the agency called him on August 12, 2019, and questioned him about the circumstances of his departure from the restaurant. As characterized by appellant, the interviewer spoke to him in an aggressive tone, and she also allegedly referred to his employer by the wrong name. Following the interview, appellant sent a letter to the agency on August 30, 2019, explaining why he felt he had been unjustifiably terminated.

On September 17, 2019, the agency sent appellant a letter notifying him it had scheduled a telephonic hearing on his claim for 10:30 a.m. on October 1, 2019, before an Appeals Examiner. The notice advised appellant that he needed to register for the hearing by 3:00 p.m. on the business day preceding the

---

[1] Appellant, who we have noted is pro se, did not provide an appendix on appeal with copies of his handwritten submissions to the agency. Nor did respondent provide us with those submissions in its appendix, although it listed them within the Statement of Items comprising the record. The clerk's office obtained the copies from counsel at our request, so as to enable a fair review of the record.

scheduled hearing date, by using a specified on-line computer registration link. The notice further indicated that the agency would not call appellant at the time of the hearing unless he registered in advance. It also warned appellant that his appeal may be dismissed, or he may be denied participation in the hearing, if he failed, without good cause, to follow the instructions contained in the notice.

Appellant did not register for or attend the scheduled hearing. Consequently, the Appeals Examiner issued a decision on October 1, 2019, dismissing appellant's claim pursuant to N.J.A.C 1:12-14.4(a). That regulation authorizes an Appeals Tribunal two courses of action when a claimant fails to register for and attend a hearing. As one option, the Tribunal may proceed to hear the merits of the case and render a decision on the record in the claimant's absence. Alternatively, the Tribunal may dismiss the appeal "on the ground of nonappearance, unless it appears that there is good cause for adjournment." N.J.A.C. 1:12-14.4(a).

In situations where, as is the case here, the Appeals Tribunal dismisses a claim for nonappearance, subsection (b) of N.J.A.C. 1:12-14.4 provides the following avenue for rescheduling the missed hearing:

> (b) If an appeal tribunal issued an order of dismissal for nonappearance of the appellant, the chief appeals examiner shall, upon application made by such appellant, within six months after the making of such order of dismissal, and for good cause shown, set aside

> the order of dismissal and shall reschedule such appeal for hearing in the usual manner. An application to reopen an appeal made more than six months after the making of such order of dismissal may be granted at the discretion of the chief appeals examiner.
>
> [N.J.A.C. 1:12-14.4(b) (emphasis added).]

The October 1, 2019 notice mailed to appellant instructed him that, in order to request another hearing date and time, he must write a letter to the Department, specifying his name, Social Security number and/or case docket number, and the reason why he failed to register for the initial telephone hearing.

Appellant promptly responded with a letter dated October 6, 2019, requesting a new hearing date. The agency replied on October 17, 2019, with a form that asked appellant to explain why he had not registered for the hearing, and to provide any supporting documentation, including any confirmation number he may have received.

Appellant filled out and returned the form to the agency on or about November 22, 2019. At the bottom of the form, he wrote:

> Hi in this matter yes I did register three time[s] actually the second time I have [a] letter stating from Smith Eibeler L.L.C. I beli[e]ved I did everything was asked for me to do, However I'm please asking for another chance Thank you. and no I don't have a conf. N#.

A different Appeals Examiner rejected appellant's explanation, and issued a further decision on November 22, 2019, finding that appellant lacked good

cause to have his hearing rescheduled. Among other things, the rejection letter noted the agency had no records of appellant having registered for the hearing. It further noted that appellant had not provided details, such as the dates when he registered and whether the attempts to register were by telephone or internet. Additionally, the letter stated appellant had not supplied proof of his attempts to register, or a confirmation electronic message or email if he had tried to register via the internet. The letter acknowledged appellant had supplied a copy of the law firm's letter to him, but noted the letter did not mention any attempt to register for an unemployment benefits hearing.

Appellant sought further internal recourse by filing an appeal with the Board of Review. He submitted a handwritten letter on November 27, 2019, in which he elaborated further on his failed attempts to register for a hearing. In that letter, appellant pleaded for another chance to receive a hearing:

> Dear Sir-Madam.
>
> I did realize that the way I did [sic] was [a] mistake and I dind't [sic] do on purpose of any kind but it's my first time ever applying for unemploymen[t] so I don't know the proces[s] even now. However from my part I really don[']t have excuse [sic] but I thought I did the right way which was open a new browser on Internet as resolt [sic] I gut [sic] a call from a woman lowey [sic] then I have them send me an Email from that firm as Resoult [sic] of that I printed and sended [sic] to you guys so as result of that I waiting [sic] just like I was toled [sic] phone call October [sic] I. 2019 widom [sic] on chour

6

[sic] between I bel[i]eve 10-30 am and 11:30 am which was tusday [sic] I didn't resive [sic] phone call, so I thought Im [sic] going to wait two days then I made the call to Appeal Tribunal when the person on the phone described now [sic] I needed to do then I realized that my application was wrong. So in this case I have no choice and I don't like to lie so this is my exsucusses [sic], but I would like one more chance please . . . thank you.

The Board of Review rejected appellant's entreaties. It issued a final agency decision on December 12, 2019, upholding the Appeal Tribunal's dismissal of his claim on the grounds of non-appearance. The Board reasoned "the [initial] notice of the [telephone] hearing contains specific instructions to complete the registration process, and there is no evidence that the claimant followed those instructions."

In his typewritten brief on appeal, appellant reiterates that he encountered computer problems when he attempted to register for a new hearing date in October 2019. He states that he "thought I needed to open a new tab (which I did), but then found out I did it wrong, but was not given another chance to fix it."

We recognize that, as an administrative agency, the Board is accorded substantial deference in its administration of the statutes and regulations governing unemployment appeals. Lourdes Med. Ctr. of Burlington Cnty. v. Bd. of Rev., 197 N.J. 339, 360 (2009). "In reviewing the decision of a state

7

agency, charged with enforcing the laws and regulations governing the disbursement of unemployment benefits, this Court's appellate authority is limited to determining whether the agency acted arbitrarily, capriciously, or unreasonably." Ibid. Nevertheless, we conclude this is a rare instance in which the agency's decision unreasonably denied a claimant, in effect, his "day in court." It is fundamental that our system of justice favors resolving contested matters on their merits. See Crescent Park Tenants Ass'n v. Realty Equities Corp., 58 N.J. 98, 107-08 (1971) (citations omitted).

The record provides sufficient indicia that appellant acted in good faith in attempting to register for his hearing, and that good cause was present in this particular situation to provide him with a new hearing date. The syntax and poor grammar of appellant's handwritten submissions suggests that appellant, who describes himself as a "pizza man," may have had some difficulty expressing himself in writing to the agency with clarity and precision.[2] Although appellant did not provide substantiation of his failed efforts to register on the computer, such as an electronic screenshot, it is conceivable that he did not have the

---

[2] By comparison, appellant's letter brief on appeal is more cogent and grammatical.

technological capability or proficiency to preserve and transmit such digital evidence.

Under subsection (b) of N.J.A.C. 1:12-14.4[3], this is not a situation in which six months passed and the more rigorous burden to obtain a rescheduled hearing (i.e., the pure discretion of the chief appeals examiner, rather than "good cause") applies. Appellant quickly sought a new hearing date within days of the Appeal Tribunal's denial, and he followed up promptly when that denial was reiterated.

We therefore vacate the Board's decision and remand for a telephonic hearing on the merits. In doing so, we express no views about the ultimate merits of appellant's claim under N.J.S.A. 43:21-5(a) relating to his eligibility for benefits or the actual circumstances of his loss of employment. Lest this unpublished opinion be misconstrued, we also underscore that this is an exceptional situation, and we do not intend to interfere unduly with the agency's orderly processing of the vast number of unemployment claims presented to it.

---

[3] N.J.A.C. 12:20-3.1(i), a regulation which is additionally cited by both the Appeal Tribunal and the Board, is not on point here because that regulation addresses situations in which a claimant fails to file a timely appeal of an adverse determination by an Appeal Tribunal. Here, appellant did not file a late administrative appeal. To the extent that regulation is cited by the agency by analogy, we find it noteworthy that subsection (b) of N.J.A.C. 12:20-3.1 states an appellant "shall not be required to use technical forms or language in setting forth the . . . reasons [for disputing the agency's ruling]."

Vacated and remanded for a hearing.  We do not retain jurisdiction.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION